IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SALESFORCE.COM, INC.,    )
            )
    Plaintiff,     )
            )
    v.       )  C.A. No. _____
            )
MICROSOFT CORPORATION,   )
            )
    Defendant.   )

## COMPLAINT

Plaintiff salesforce.com, inc. ("salesforce.com"), for its Complaint against Defendant Microsoft Corporation ("Microsoft"), alleges as follows:

## NATURE OF THE ACTION

1. This action is for Microsoft's infringement of patents owned by salesforce.com. The action arises out of the patent laws of the United States.

## THE PARTIES

2. Plaintiff salesforce.com is a Delaware corporation having its principal executive offices at The Landmark, One Market, Suite 300, San Francisco, California 94105.

3. Salesforce.com was founded in 1999. It was founded in part on the concept of delivering enterprise business applications via the Internet or "cloud." Cloud computing uses Internet-based computing, storage, and connectivity technology to provide a variety of services.

4. Salesforce.com is the leader in enterprise cloud computing. It has received a Wall Street Journal Technology Innovation Award; it was included as one of BusinessWeek's Top 100 Most Innovative Companies; and its software and services have been selected as "Top Ten Disrupters" by Forbes.

5.     Salesforce.com offers, among other services, Customer Relationship Management (CRM) software as a service via the cloud.  Salesforce.com's CRM applications help companies better track, manage, analyze, and share information regarding sales, customer service and support, and marketing operations.  In contrast to more traditional enterprise software models, salesforce.com's services offer at least the following advantages:  (1) a secure, scalable, and reliable delivery platform; (2) rapid deployment; (3) easier integration; and (4) lower cost of ownership.

6.     Salesforce.com owns patents which relate to cloud applications and other applications, including some offered by Microsoft.

7.     On information and belief, Defendant Microsoft is a Washington corporation having its principal place of business at One Microsoft Way, Redmond, Washington 98052. Previously, Microsoft was incorporated in Delaware, and it has been qualified to do business in Delaware since at least October 29, 1993.   Microsoft's registered agent in Delaware is Corporation Service Company, which is located at 2711 Centerville Road, Suite 400, Wilmington, DE  19808.

## JURISDICTION AND VENUE

8.     This is an action for patent infringement arising under Title 35 of the United States Code.  This Court has jurisdiction over this action pursuant to 28 U.S.C.  §§ 1331 and 1338(a).

9.     Personal jurisdiction exists over Microsoft.   Upon information and belief, personal jurisdiction exists generally over Microsoft because it has infringed the patents-in-suit and has continuous and systematic contacts with the State of Delaware, including having been previously incorporated in Delaware. As a result of Microsoft's substantial and systematic

2

business transactions conducted within the State of Delaware, it derives substantial revenue. Specific personal jurisdiction exists over Microsoft because of its infringing conduct within and directed to the State of Delaware. For example, upon information and belief, Microsoft places products into the stream of commerce that infringe and/or are used to infringe the patents-in-suit, knowing and intending that the products will reach the State of Delaware.

10.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## THE PATENTS

11.      Salesforce.com is the owner of the following United States patents: U.S. Pat. No. 6,813,633 ("the '633 patent"); U.S. Pat. No. 6,918,059 ("the '059 patent"); U.S. Pat. No. 7,024,454 to Andrea Waxler ("the Waxler '454 patent"); U.S. Pat. No. 7,209,929 ("the '929 patent"); and U.S. Pat. No. 7,305,454 to David Byrne Reese et al. ("the Reese '454 patent"). These patents will collectively be referred to in this Complaint as the "patents-in-suit."

12.      Salesforce.com owns the patents-in-suit and has the right to collect for past, present, and future damages arising from any infringement on the patents-in-suit.

13.      On November 2, 2004, the '633 patent, entitled, "Dynamic Multi-Level Cache Manager," was duly and legally issued by the U.S. Patent and Trademark Office. A true copy of the '633 patent is attached as Exhibit A.

14.      On July 12, 2005, the '059 patent, entitled, "Method and System for Handling Errors in a Distributed Computer System," was duly and legally issued by the U.S. Patent and Trademark Office. A true copy of the '059 patent is attached as Exhibit B.

15.      On April 4, 2006, the Waxler '454 patent, entitled, "Work Sharing and Communicating in a Web Site System," was duly and legally issued by the U.S. Patent and Trademark Office. A true copy of the Waxler '454 patent is attached as Exhibit C.

16.     On April 24, 2007, the '929 patent, entitled, "Java Object Cache Server for Databases," was duly and legally issued by the U.S. Patent and Trademark Office. A true copy of the '929 patent is attached as Exhibit D.

17.     On December 4, 2007, the Reese '454 patent, entitled, "Apparatus and Methods for Provisioning Services," was duly and legally issued by the U.S. Patent and Trademark Office. A true copy of the Reese '454 patent is attached as Exhibit E.

18.     Microsoft has incorporated salesforce.com's patented technology into its services and products.

19.     To the extent any action is required, salesforce.com has complied with the requirements of 35 U.S.C. § 287 by, among other things, notifying Microsoft of its infringement through service of this Complaint or prior communications.

## COUNT ONE

### (Infringement of the '633 Patent)

20.     Salesforce.com repeats and reasserts the allegations of paragraphs 1 through 19 as if fully set forth herein.

21.     Microsoft has been and is infringing one or more claims of the '633 patent, including at least one of the patent's method claims. Examples of its infringing conduct include manufacturing, selling, offering to sell, using, and/or importing the Windows Server AppFabric platform, without authority from salesforce.com. Uses of Windows Server AppFabric platform embody one or more claims of the '633 patent. In another example of Microsoft's infringement, and on information and belief, Microsoft has intended to cause, and did cause, the infringement of the patent by others. On information and belief, it has known of the '633 patent and that it

infringes the patent, yet it has distributed software and/or services configured to infringe the patent and instructed and encouraged others to use the patent in an infringing manner.

22.     On information and belief, Microsoft has willfully infringed the '633 patent and/or is willfully infringing the '633 patent to the extent it continues its infringement after the filing date of this Complaint.  For example, on information and belief Microsoft has known of the '633 patent and has studied the patent.  Despite this knowledge, it has used and encouraged others to use software and hardware (*e.g.*, through the use of AppFabric) in a way that infringes the '633 patent, notwithstanding an objectively high likelihood that its actions constituted infringement.    This risk of infringement was either known or so obvious that it should have been known by Microsoft.

23.     Salesforce.com has been and will continue to be damaged by Microsoft's infringement.

24.     Microsoft's continuing acts of infringement have caused and are causing irreparable harm to salesforce.com, for which salesforce.com has no adequate remedy at law. The hardships that would be imposed by an injunction are less than those faced by salesforce.com should an injunction not issue.  The public interest would be served by issuance of an injunction.

## COUNT TWO

### (Infringement of the '059 Patent)

25.     Salesforce.com repeats and reasserts the allegations of paragraphs 1 through 24 as if fully set forth herein.

26.     Microsoft has been and is infringing one or more claims of the '059 patent, including at least one of the patent's method claims.  Examples of its infringing conduct include

manufacturing, selling, offering to sell, using, and/or importing the Windows Error Reporting system for Windows 7 and Windows Server 2008 R2, without authority from salesforce.com. Windows Error Reporting system, when implemented and/or used with at least Windows 7 or Windows Server 2008 R2, embodies one or more claims of the '059 patent. In another example of Microsoft's infringement, and on information and belief, Microsoft has intended to cause, and did cause, the infringement of the patent by others. On information and belief, it has known of the '059 patent and that it infringes the patent, yet it has distributed software and/or services configured to infringe the patent and instructed and encouraged others to use the patent in an infringing manner.

27.     On information and belief, Microsoft has willfully infringed the '059 patent and/or is willfully infringing the '059 patent to the extent it continues its infringement after the filing date of this Complaint. For example, on information and belief Microsoft has known of the '059 patent and has studied the patent. Despite this knowledge, it has used and encouraged others to use software and hardware (*e.g.*, through the use of Windows Error Reporting) in a way that infringes the '059 patent, notwithstanding an objectively high likelihood that its actions constituted infringement.     This risk of infringement was either known or so obvious that it should have been known by Microsoft.

28.     Salesforce.com has been and will continue to be damaged by Microsoft's infringement.

29.     Microsoft's continuing acts of infringement have caused and are causing irreparable harm to salesforce.com, for which salesforce.com has no adequate remedy at law. The hardships that would be imposed by an injunction are less than those faced by

salesforce.com should an injunction not issue.  The public interest would be served by issuance of an injunction.

## COUNT THREE

### (Infringement of the Waxler '454 Patent)

30.     Salesforce.com repeats and reasserts the allegations of paragraphs 1 through 29 as if fully set forth herein.

31.     Microsoft has been and is infringing one or more claims of the Waxler '454 patent, including at least one of the patent's method claims.  Examples of its infringing conduct include manufacturing, selling, offering to sell, using, and/or importing the Microsoft SharePoint Products and Technologies, without authority from salesforce.com.  Microsoft SharePoint Products and Technologies, when implemented and used, embody one or more claims of the Waxler '454 patent.  In another example of Microsoft's infringement, and on information and belief, Microsoft has intended to cause, and did cause, the infringement of the patent by others. On information and belief, it has known of the Waxler '454 patent and that it infringes the patent, yet it has distributed software and/or services configured to infringe the patent and instructed and encouraged others to use the patent in an infringing manner.

32.     On information and belief, Microsoft has willfully infringed the Waxler '454 patent and/or is willfully infringing the Waxler '454 patent to the extent it continues its infringement after the filing date of this Complaint.  For example, on information and belief Microsoft has known of the Waxler '454 patent and has studied the patent.  Despite this knowledge, it has used and encouraged others to use software and hardware (*e.g.*, through Microsoft SharePoint Products and Technologies) in a way that infringes the Waxler '454 patent, notwithstanding an objectively high likelihood that its actions constituted infringement of the

Waxler '454 patent. This risk of infringement was either known or so obvious that it should have been known by Microsoft.

33. Salesforce.com has been and will continue to be damaged by Microsoft's infringement.

34. Microsoft's continuing acts of infringement have caused and are causing irreparable harm to salesforce.com, for which salesforce.com has no adequate remedy at law. The hardships that would be imposed by an injunction are less than those faced by salesforce.com should an injunction not issue. The public interest would be served by issuance of an injunction.

## COUNT FOUR

### (Infringement of the '929 Patent)

35. Salesforce.com repeats and reasserts the allegations of paragraphs 1 through 34 as if fully set forth herein.

36. Microsoft has been and is infringing one or more claims of the '929 patent, including at least one of the patent's method claims. Examples of its infringing conduct include manufacturing, selling, offering to sell, using, and/or importing the Microsoft .NET platform (*e.g.*, ASP.NET Web Services), without authority from salesforce.com. Uses and implementations of Microsoft's .NET embody one or more claims of the '929 patent. In another example of Microsoft's infringement, and on information and belief, Microsoft has intended to cause, and did cause, the infringement of the patent by others. On information and belief, it has known of the '929 patent and that it infringes the patent, yet it has distributed software and/or services configured to infringe the patent and instructed and encouraged others to use the patent in an infringing manner.

37.   On information and belief, Microsoft has willfully infringed the '929 patent and/or is willfully infringing the '929 patent to the extent it continues its infringement after the filing date of this Complaint.  For example, on information and belief Microsoft has known of the '929 patent and has studied the patent.  Despite this knowledge, it has used and encouraged others to use software and hardware (*e.g.*, through Microsoft .NET) in a way that infringes the '929 patent, notwithstanding an objectively high likelihood that its actions constituted infringement the '929 patent.   This risk of infringement was either known or so obvious that it should have been known by Microsoft.

38.   Salesforce.com has been and will continue to be damaged by Microsoft's infringement.

39.   Microsoft's continuing acts of infringement have caused and are causing irreparable harm to salesforce.com, for which salesforce.com has no adequate remedy at law. The hardships that would be imposed by an injunction are less than those faced by salesforce.com should an injunction not issue.  The public interest would be served by issuance of an injunction.

## COUNT FIVE

### (Infringement of the Reese '454 Patent)

40.   Salesforce.com repeats and reasserts the allegations of paragraphs 1 through 39 as if fully set forth herein.

41.   Microsoft has been and is infringing one or more claims of the Reese '454 patent, including at least one of the patent's method claims.  Examples of its infringing conduct include manufacturing, selling, offering to sell, using, and/or importing the Windows Live Delegated Authentication system, without authority from salesforce.com.   Microsoft's Windows Live

Delegated Authentication system, when implemented and used, embodies one or more claims of the Reese '454 patent. In another example of Microsoft's infringement, and on information and belief, Microsoft has intended to cause, and did cause, the infringement of the patent by others. On information and belief, it has known of the Reese '454 patent and that it infringes the patent, yet it has distributed software and/or services configured to infringe the patent and instructed and encouraged others to use the patent in an infringing manner.

42.     On information and belief, Microsoft has willfully infringed the Reese '454 patent and/or is willfully infringing the Reese '454 patent to the extent it continues its infringement after the filing date of this Complaint. For example, on information and belief Microsoft has known of the Reese '454 patent and has studied the patent. Despite this knowledge, it has used and encouraged others to use software and hardware (*e.g.*, through Microsoft Windows Live Delegated Authentication) in a way that infringes the Reese '454 patent, notwithstanding an objectively high likelihood that its actions constituted infringement. This risk of infringement was either known or so obvious that it should have been known by Microsoft.

43.     Salesforce.com has been and will continue to be damaged by Microsoft's infringement.

44.     Microsoft's continuing acts of infringement have caused and are causing irreparable harm to salesforce.com, for which salesforce.com has no adequate remedy at law. The hardships that would be imposed by an injunction are less than those faced by salesforce.com should an injunction not issue. The public interest would be served by issuance of an injunction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff salesforce.com, inc. prays for the following relief:

A.      A judgment that Microsoft has infringed, and continues to infringe, the patents-in-suit;

B.      A judgment that Microsoft's infringement has been and continues to be willful;

C.      An award of damages, including damages under 35 U.S.C. § 284, along with pre-judgment and post-judgment interest;

D.      A trebling of such damages for Microsoft's willful infringement;

E.      An injunction against Microsoft, its officers, agents, servants, employees, all parent and subsidiary corporations, all assignees and successors in interest, and those persons in active concert or participation with Microsoft, enjoining them from infringing the patents-in-suit;

F.      A declaration that this case is exceptional pursuant to 35 U.S.C. § 285;

G.      An award of attorneys' fees, costs, and expenses; and

H.      Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff salesforce.com, inc. demands a trial by jury for all issues and claims so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

Karen Jacobs Louden (#2881)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
302-658-9200
klouden@mnat.com
jtigan@mnat.com

*Attorneys for Plaintiff salesforce.com, inc.*

OF COUNSEL:

David Boies
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
(914) 749-8200

Jonathan D. Schiller
Joshua I. Schiller
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
(212) 446-2300

D. Michael Underhill
Eric J. Maurer
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
(202) 237-2727

June 24, 2010
3636538